**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4671**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

CURTIS ALLEN THOMAS, JR.,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, Senior District
Judge.   (1:11-cr-00144-BEL-1)

_____

Submitted:  March 21, 2013          Decided:  April 18, 2013

_____

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Joanna Silver, Staff
Attorney, Baltimore, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, James G. Warwick, Assistant
United States Attorney, Christine L. Duey, Special Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Allen Thomas, Jr., appeals his 324-month sentence for robbery and related charges. For the reasons that follow, we affirm.

Thomas and an accomplice attempted to rob a Baltimore pizzeria at about 3:00 a.m. on December 10, 2010. Thomas held a gun to the owner's head, ordered the employees into a small office, and told them to get down on their knees. At one point, Thomas touched the gun to the owner's head and told him he was going to blow his head off. The owner testified at trial that he heard a click. He struggled with Thomas for control of the gun and, with the help of store employees, was able to disarm Thomas and subdue him until law enforcement arrived.

A grand jury charged Thomas with interfering with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(a) (2006) (Count One), possessing a firearm in furtherance of, and using and carrying a firearm during and in relation to, a crime of violence, and in doing so, brandishing the firearm, in violation of 18 U.S.C. § 924(c)(1)(A) (2006) (Count Two), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count Three). The jury convicted Thomas on all three counts.

At the sentencing hearing, the Government sought a total sentence of thirty years, noting that Thomas had several

2

prior state armed robbery convictions from 1993 for which he received concurrent sentences and arguing that he was a recidivist whose armed robberies were "traumatic to the victims involved and [made him] dangerous to the community at large." Defense counsel sought a below-Guidelines sentence of twenty-two years, arguing that the Guidelines range overstated the seriousness of Thomas' criminal history, emphasizing the age of his prior robbery convictions.

Defense counsel disputed the Government's argument that Thomas was a danger to society and countered that Thomas had demonstrated that he could be a law-abiding citizen, noting that in the seven years between his release on parole for the 1993 robberies and his 2010 arrest for the instant crimes, Thomas had only a single drug possession conviction, for which he received a ninety-day sentence. In addition, defense counsel noted that a twenty-two-year sentence would give Thomas hope of spending the last years of his life outside of prison and would motivate him towards self-improvement. The district court sentenced Thomas to 60 months on Count One, 84 months on Count Two, and 180 months on Count Three, all to be served consecutively, for a total sentence of 324 months' imprisonment.

On appeal, Thomas contends that the sentence imposed by the district court is procedurally unreasonable because the district court failed to consider his arguments at sentencing.

3

Thomas preserved his challenge to the adequacy of the district court's explanation "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Thus, this court's review is for abuse of discretion, and any error must result in reversal unless it was harmless. Id. at 579.

"Although sentencing courts are statutorily required to state their reasons for imposing a particular sentence, see 18 U.S.C.A. § 3553(c) [(West Supp. 2012)], it is not necessary that a court issue a comprehensive, detailed opinion." United States v. Allmendinger, 706 F.3d 330, 343 (4th Cir. 2013). The district court's explanation for its sentence must be sufficient to allow for "'meaningful appellate review,'" Id. at 330 (quoting Gall v. United States, 552 U.S. 38, 50 (2007)), such that the appellate court need "not guess at the district court's rationale." Id. at 329. Furthermore, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why [it] has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

Thomas argues that the sentence imposed by the district court was procedurally unreasonable because the court did not specifically address his arguments regarding the age of his prior robbery convictions, their proximity in time to each other, the concurrent sentences he received for them, or the fact that in the seven years between his release from prison and his arrest for the instant offense, he had only been convicted of a single minor drug offense. The district court explained that it was imposing a longer sentence than the one Thomas requested because of the circumstances of his case. The court emphasized that in the course of the instant offense, victims were placed on their knees at gunpoint and there was testimony that "the trigger was pulled and clicked." The court also noted that Thomas had committed "a distressing series of armed robberies in the past." Under these circumstances, the court concluded, a substantial sentence was necessary to incapacitate Thomas in the interest of public safety. However, the court specifically credited defense counsel's argument that Thomas should be able to visualize a time when he would be free. Therefore, although the court imposed a longer sentence than that requested by Thomas, it was shorter than the one sought by the Government.

Although the district court "might have said more" to explain the sentence it chose, Rita v. United States, 551 U.S.

5

338, 359-60 (2007), its explanation was "elaborate enough to allow [this Court] to effectively review the reasonableness of the sentence." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks and citation omitted). The district court's explanation demonstrated that it had considered Thomas's position and adequately articulated its reasons for the sentence it imposed. We therefore conclude that the sentence was not procedurally unreasonable.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED